UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-24406-CIV-BLOOM/VALLE

**THE BUGARIE GROUP, LLC**,

     Plaintiff,

v.

**STARDUST PICTURES, LLC, &**
**JUSTIN L. LEVINE**,

     Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## AND MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court on Defendant Stardust Pictures, LLC's Motion to Dismiss Plaintiff's Amended Complaint and/or to Stay Action and Motion to Compel Arbitration ECF. No. [38]. On July 28, 2014, the Court held an evidentiary hearing on the motion, where the Court received exhibits into evidence and heard testimony. *See* ECF No. [55]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

The Federal Arbitration Act provides that "a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a lawsuit is filed that is subject to an arbitration provision, this Court can stay the action at a party's request, *see id.* at § 3, or dismiss the action "when *all* the issues raised in court must be submitted to arbitration." *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis in original) (internal alterations omitted)). *See also*

*MortgageAmerica, Inc. v. Davis*, No. 2:13-CV-00177-TMP, 2013 WL 1346594, at *2-*3 (N.D. Ala. Mar. 29, 2013) (discussing how some district courts elect to stay under 9 U.S.C. § 3 and others elect to dismiss the claims, which the Eleventh Circuit has "frequently affirmed").

Here, Defendant Stardust Pictures, LLC relies on the following arbitration clause contained in a January 25, 2013 contract, executed by both parties, in support of its motion:

> This Agreement is made in and shall be governed and interpreted in accordance with the laws of the State of Florida applicable to contracts entered into and to be performed therein.  Any dispute arising out of or in connection with this Agreement will be resolved by final and binding arbitration under the commercial rules of the American Arbitration Association (AAA) in effect when the arbitration is filed (the "AAA Rules"), inMiami [sic] FL. Each party waives any right to adjudicate any dispute in any other court or forum, except that a party may seek interim relief before the start of arbitration as allowed by the AAA Rules.  The Parties will abide by any decision in the arbitration and any court having jurisdiction may enforce it.  If any legal action, dispute, or other proceeding arises or is commenced to interpret, enforce or recover damages for the breach of any term of this Agreement (including the arbitration proceedings referred to above), the prevailing Party shall be entitled to recover reasonable attorney's fees and costs incurred in connection with that action, in addition to costs of suit.

Def. Ex. D at 5 (¶ 8. "Governing Law"). Plaintiff, in its response to the instant motion, has not argued that any grounds exist at law or in equity to revoke the relevant contract.  Rather, Plaintiff has produced a different version of the January 25, 2013 contract, also executed by both parties, which does not contain the arbitration clause.  *See* Pl. Ex. 7 at 4 (¶8. "Governing Law"). Plaintiff asserts that is the true contract.

The Court heard testimony from Taimark Walkine, who is one of Plaintiff's managing members and was Plaintiff's signatory to both versions of the contract.  After a consideration of the testimony, review of the exhibits both parties submitted during the evidentiary hearing, and assessment of the demeanor and credibility of the witness, *see Crystal Entertainment &*

*Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011), the Court is persuaded that Defendant's version of the contract is the correct one.

Defendant's version of the contract bears Mr. Walkine's signature at the bottom of the page and Mr. Walkine's initials next to the paragraph containing the arbitration clause. *See* Def. Ex. D at 5. Plaintiff's version of the contract does not contain any initials or signatures except for a signature found at the end of the contract. *See* Pl. Ex. 7 at 5. Though Mr. Walkine testified that he did not recognize the signature and initials as his own, the exhibits introduced during his cross-examination, though at first appear to be somewhat mysterious, ultimately indicate that the signatures and initials indeed belong to Mr. Walkine.

For example, Defendant's version of the contract contains a page, page 4, which has a large "X" marked through three paragraphs, one of which is ¶ 8. "Governing Law." Def. Ex. D. at 4. That provision is nearly identical to the ¶ 8. "Governing Law" on the next page, except for one small difference—the city designated for the arbitration is "Los Angeles, California" on page 4, but is "Miami FL" on the next, page 5. *Id.* This difference is peculiar.

Also peculiar is the fact that the text on the beginning of the page containing "Miami FL" does not correspond to the end of the text on page 4—the preceding page. The end of the text on page 4 corresponds with the text that starts on the page *after* the "Miami FL" page—a page also marked as 5. Finally, the page containing "Miami FL" also appears in a different format than the other pages in the contract.

The mystery of these peculiarities fades away, however, upon close examination of (1) a set of e-mails from the office of Plaintiff's attorney together with (2) the timing of Plaintiff's wire transfer to Defendant. On January 30, 2013 at 5:21 p.m., (five days after the date on the

contract) an employee of Plaintiff's attorney sent the following e-mail to Defendant with the subject "FW: Bugaraie [sic] Agreement- Stardust- 16Jan12:"

> Justin, I need you to resign page 5 of this agreement and initial it and send it back, there is a mistake in the "Governing Law" section hwere [sic] it says the courts of Florida in Los Angeles County.  You only need to scan and send this page back you me [sic].  Thanks!

Def. Ex. B at 1.

The next day, on January 31, 2013 at 3:38 p.m., the same employee sent another e-mail to Defendant with the subject "Executed agreements" stating "Please see attached.  Thanks!" Def. Ex. D at 1.  On the same day at 4:14 p.m., Bank of America sent an e-mail confirming the wire transfer of $45,000 to Defendant, *see* Def. Ex. F at 1-2, which Mr. Walkine confirmed on cross-examination came from Plaintiff.

Together, these exhibits show that sometime after January 25, 2013—the date of the contract—Plaintiff's counsel noticed the wrong arbitration forum (Los Angeles) listed in ¶ 8 under "Governing Law." He then sent Defendant another version with the correct arbitration forum (Miami), which Defendant executed and returned to the office of Plaintiff's attorney. Once received, the page (marked 5 and with the text "Miami FL") was inserted between the original page 4 and page 5. Together, this completed the contract, which included an arbitration provision. Once Defendant sent the page to Plaintiff's attorney, the Plaintiff promptly sent a wire transfer.  The version of the contract Plaintiff proffers, together with Mr. Walkine's testimony, does not explain any of these exchanges, and as the parties made clear during the evidentiary hearing, communications during contract formation were conducted almost exclusively by e-mail.

For these reasons, the Court finds that Defendant's version of the contract containing the arbitration clause is the correct version. Thus, the arbitration clause applies to this case, and no other claims remain which are not subject to the arbitration clause. Being fully advised, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss **ECF. No. [38]** is hereby **GRANTED.**

2. Plaintiff's Amended Complaint **ECF. No. [35]** is **DISMISSED WITH PREJUDICE**, and the parties are **COMPELLED** to arbitrate the entire dispute in accordance with the terms of the contractual arbitration provision.

3. All pending motions are **DENIED AS MOOT** and this case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this 29th of July, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record